Filing # 186777534 E-Filed 11/27/2023 12:17:59 PM

## IN THE COUNTY COURT OF THE 20TH JUDICIAL CIRCUIT
## IN AND FOR CHARLOTTE COUNTY, FLORIDA

DARNEL ANTOINE,

    **Plaintiff,**

v.

TRUEACCORD CORP.,

    **Defendant.**

                                    /

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Darnel Antoine ("Plaintiff") sues Defendant TrueAccord Corp. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to Fla. Stat. § 34.01(1)(c). The matter in controversy is greater than $8,000.00 but does not exceed $15,000.00, exclusive of costs, interest, and attorneys' fees.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Charlotte County, Florida.

3. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Charlotte County, Florida.

4. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the FDCPA and FCCPA, and because Plaintiff is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Charlotte County, Florida.

6. Defendant is a Delaware corporation, with its principal place of business located in Lenexa, Kansas.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. On dates better known by Defendant, Defendant began attempting to collect debts (the "Consumer Debts") from Plaintiff.

9. The Consumer Debts are obligations allegedly had by Plaintiff to pay money arising from a transaction between the creditors of the Consumer Debts and Plaintiff (the "Subject Services").

10. The Subject Services were primarily for personal, family, or household purposes.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant's "Consumer Collection Agency" license number is CCA9903295.

16. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18. For example, Defendant does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

19. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

20. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

22. On or about January 31, 2023, Plaintiff notified Defendant in writing, via e-mail, that Plaintiff wished for Defendant to cease further communication with Plaintiff (the "Notice").

23. Attached as Exhibit "A" is a copy of the Notice.

24. The Notice was sent by Plaintiff in direct response to an attempt by Defendant to collect one of the Consumer Debts from Plaintiff. *See* Exhibit A.

25. The Notice stated: "please do not call, text or email me regarding *any* matters" (emphasis added).

26. Defendant received the Notice on or about January 31, 2023.

27. Upon receipt of the Notice, Defendant knew that Plaintiff had requested Defendant to stop communicating with Plaintiff. Further, upon receipt of the notice, Defendant knew that

Defendant could no longer communicate with Plaintiff directly in connection with the collection of the Consumer Debts.

28. On or about February 2, 2023, despite knowing that Plaintiff had requested Defendant to cease communication with Plaintiff, Defendant sent Plaintiff an e-mail in an attempt to collect one of the Consumer Debts (the "First Subject Communication").

29. Attached as Exhibit "B" is a copy of the First Subject Communication.

30. The First Subject Communication stated: **"Lets get this resolved.** . . . This is TrueAccord Corp., reaching out about your balance with Jefferson Capital Systems, LLC (current creditor of your original PAYPAL INC account) of $444.75. . . . Click the button below to learn more and also sign up for a payment plan!" (emphasis added).

31. On or about February 8, 2023, despite knowing that Plaintiff had requested Defendant to cease communication with Plaintiff, Defendant sent Plaintiff an e-mail in an attempt to collect one of the Consumer Debts (the "Second Subject Communication").

32. Attached as Exhibit "C" is a copy of the Second Subject Communication.

33. The Second Subject Communication stated: **"Don't let that happen.** . . . There are offers available for your $444.75 balance. You account will be taken back by Jefferson Capital Systems, LLC (current creditor of your original PAYPAL INC account) for placement with another agency. Until then, our payment plans are available to you. You can still go on our website and make a payment." (emphasis added).

34. On or about February 11, 2023, despite knowing that Plaintiff had requested Defendant to cease communication with Plaintiff, Defendant sent Plaintiff an e-mail in an attempt to collect one of the Consumer Debts (the "Third Subject Communication").

35. Attached as Exhibit "D" is a copy of the Third Subject Communication.

36. The Third Subject Communication stated: "Darnel, taking action on your balance of $444.75 now means you can continue to use TrueAccord's online interface. Your account is scheduled to be recalled from our office as no payment has been made."

37. The First Subject Communication, Second Subject Communication, and Third Subject Communication (collectively, the "Subject Communications") represent actions to collect a debt by Defendant.

38. Defendant's repeated communication towards Plaintiff after being asked by Plaintiff to cease communications caused Plaintiff to suffer mental anguish, emotional distress, embarrassment and shame, loss of enjoyment of life, depression, anxiety, loss of appetite and energy, sleep disturbance and loss of sleep, loss of concentration.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(c)

39. Plaintiff incorporates by reference paragraphs ¶¶ 1-38 of this Complaint as though fully stated herein.

40. Pursuant to Section 1692c(c) of the FDCPA, "[i]f a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." 15 U.S.C. § 1692c(c).

41. On or about January 31, 2023, by and through the Notice, Plaintiff notified Defendant in writing that Plaintiff wished for Defendant to cease further communication with Plaintiff.

42. The Notice stated: "please do not call, text or email me regarding *any* matters" (emphasis added).

43. Upon receipt of the Notice, Defendant knew that Plaintiff had requested Defendant to stop communicating with Plaintiff. Further, upon receipt of the notice, Defendant knew that Defendant could no longer communicate with Plaintiff directly in connection with the collection of the Consumer Debts.

44. Despite knowing this, by and through the Subject Communications, Defendant communicated and/or contacted Plaintiff further in connection with the collection of the Consumer Debts.

45. Defendant's repeated communications towards Plaintiff after being asked by Plaintiff to cease communications caused Plaintiff to suffer mental anguish, emotional distress, embarrassment and shame, loss of enjoyment of life, depression, anxiety, loss of appetite and energy, sleep disturbance and loss of sleep, loss of concentration.

46. Accordingly, by and through the Subject Communications, Defendant violated Section 1692c(c) of the FDCPA by communicating further with Plaintiff with respect to the collection of the Consumer Debts.

47. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

  (a) Actual damages as provided by 15 U.S.C. § 1692k;

  (b) Statutory damages as provided by 15 U.S.C. § 1692k;

  (c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

  (d) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
### VIOLATION OF FLA. STAT. § 559.72(7)

48. Plaintiff incorporates by reference ¶¶ 1-38 of this Complaint as though fully stated herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

49. Section 559.72 of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions. Fla. Stat. § 559.72. Further, pursuant to the FCCPA, in collecting consumer debts, no person shall: "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or *willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor* or any member of her or his family." Fla. Stat. § 559.72(7) (emphasis added).

50. As stated above, as of January 31, 2023, Defendant knew that Plaintiff had revoked any consent that Defendant had to communicate with Plaintiff and that Defendant was not to contact Plaintiff further in connection with the Consumer Debts.

51. Despite knowing this, by and through the Subject Communications, Defendant communicated and/or contacted Plaintiff further in connection with the collection of the Consumer Debts.

52. Defendant's repeated communications towards Plaintiff after being asked by Plaintiff to cease communications caused Plaintiff to suffer mental anguish, emotional distress, embarrassment and shame, loss of enjoyment of life, depression, anxiety, loss of appetite and energy, sleep disturbance and loss of sleep, loss of concentration.

53. Accordingly, by and through the Subject Communications, Defendant violated Section 559.72(7) of the FCCPA by willfully communicating with Plaintiff in such a way that can reasonably be expected to abuse or harass Plaintiff.

54. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a) Actual damages as provided by Fla. Stat., § 559.77(2);

(b)     Statutory damages as provided by Fla. Stat., § 559.77(2);

(c)     Costs and reasonable attorneys' fees pursuant to Fla. Stat., § 559.77(2); and

(d)     Any other relief that this Court deems appropriate under the circumstances.

Dated: November 27, 2023

Respectfully Submitted,

/s/ Zane C. Hedaya
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*